UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| ALEJANDRO CORTES | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-170 |
| | ) | (CR-2:01-CR-62) |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM OPINION

Alejandro Cortes ("Cortes") has filed this *pro se* motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. In February of 2003, Cortes pled guilty to and was convicted of a cocaine conspiracy, in violation of 21 U.S.C. § 841(a)(1). For this offense, he was sentenced to a 72-month term of imprisonment. Cortes did not pursue a direct appeal, but instead, he filed this instant motion, alleging that he had ineffective assistance of counsel at sentencing. The United States has filed a response, arguing that Cortes' claims of ineffective assistance have no merit and that his § 2255 motion should be dismissed.

### *I. Factual Background*

Cortes pled guilty to Count five of a 44-count indictment charging him and eight co-defendants with various offenses. Supporting his plea to the § 841(a)(1)

violation was an Agreed Factual Basis, in which Cortes acknowledged that the government would have been able to prove that, from January of 1999 through June of 2001, he conspired to distribute and possess with the intent to distribute five kilograms or more of cocaine. In the factual agreement, Cortes also admitted that, in furtherance of the conspiracy, he acted as the principal distributor of cocaine for a co-defendant charged with operating a continuing criminal enterprise. Finally, Cortes agreed that, during the period of the conspiracy, he distributed over ten kilograms of cocaine; that he sold cocaine to cooperating informers or undercover agents on nine occasions; and that each transaction was recorded or surveilled.

The presentence report (PSR) recites that Cortes is a citizen of Mexico and that he indicated, at the time of his arrest, that he had been in the United States less than two years. The PSR also related that an FBI agent investigating the conspiracy had reported that he had learned that Cortes has assisted a co-defendant with daily operations of the drug-trafficking organization. Finally, the PSR noted that Cortes was subject to a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) and that his guideline range was 97 to 121 months. Upon motion of the government based on Cortes' substantial assistance, the Court lowered Cortes' guideline sentence to 72 months.

2

Case 2:03-cv-00170   Document 4   Filed 09/27/05   Page 2 of 9   PageID #: 2

## II. *Standards of Review*

A petitioner can be granted § 2255 relief on the basis of a constitutional error which had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley*, 5 12 U.S. 339, 353 (1994). A prisoner who is seeking to obtain collateral relief must clear a "significantly higher hurdle" than would exist on direct appeal. *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). He must show a "fundamental defect" in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error which violates due process to prevail under § 2255. *Id.*

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that a petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). The Court finds no need for an evidentiary hearing in this matter.

## III. *Discussion*

Cortes was represented by a court-appointed attorney, Mr. Douglas M. Anderson, of Knoxville, Tennessee. He apparently has no quarrel with the way Mr.

3

Anderson handled the trial and all pretrial matters but does charge him with three basic failings with regard to his sentencing.

First, he contends that Mr. Anderson should have argued, at sentencing, that his deportable alien status was a mitigating factor which would result in his being denied certain benefits available to United States citizens through the Bureau of Prisons (BOP) such as drug rehabilitation and early release back into the community. He further contends that his status prevented him from being assigned by the BOP to a minimum security prison. In short, according to Cortes, his alienage will cause him to be subjected to harsher conditions of confinement.

Second, he argues that his attorney should have argued for a reduction of his sentence based on his minor or minimal role in the conspiracy.

Third, he suggests that the PSR incorrectly listed a 2000 arrest for driving under the influence of an intoxicant (DUI) and that counsel should have objected to this.

The United States Supreme Court has established a two-part test for determining when assistance of counsel is ineffective. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, the petitioner must show that his counsel's errors were so egregious as to render counsel's performance constitutionally deficient – that is, outside the "wide range of professional assistance." *Id.*, at 687; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996). The alleged errors or omissions must be evaluated

from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Strickland* at 689. Second, he must show that his counsel's deficient performance so prejudiced him that the result is unreliable. *Id.*, at 687. As the Supreme Court explained, in order to show that counsel's performance was deficient, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*, at 689.

In addition to deficient performance, a petitioner must also show actual prejudice. In the context of a guilty plea, a petitioner will satisfy the prejudice prong of the *Strickland* test if he shows that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Failure to request a downward departure at sentencing may constitute ineffective assistance. *Garcia v. United States*, 205 F.3d 1340 (Table, text at 2000 WL 145358, *1 (6th Cir. Feb. 2, 2000) (citing *United States v. Soto*, 132 F.3d 56, 58-59 (D.C.Cir. 1997)).

Cortes has failed to show that any deficient performance on the part of Mr. Anderson resulted in prejudice.

First of all, if Mr. Anderson had argued to the Court that, as an alien, Cortes should have been given a shorter sentence to make up for the fact that certain

sentence-reducing programs are available only to United States citizens, this argument would have been to no avail. While the Court recognizes that deportability can be considered a mitigating factor, *see United States v. Farouil*, 124 F.3d 838, 845-847 (7th Cir. 1997), to permit a downward departure, certain aspects of the case musts be found to be unusual enough for it to fall outside "the heartland of cases." *Koon v. United States,* 518 U.S. 81, 92-97 (1996). There is absolutely nothing remarkable about this case or about Cortes. His offense level was determined to be twenty-nine and his criminal history category to be II. His sentencing guideline range was, therefore, 97 to 121 months, with a minimum mandatory sentence of 120 months. The Court actually sentenced him to seventy-two months– below both the guideline range and the minimum mandatory sentence level.

Even if Mr. Anderson had argued the alien status issue, the Court would not have been free to depart below the statutory mandatory minimum sentence, absent a motion to do so, filed by the government under 18 U.S.C. § 3553(e), or a finding that Cortes qualified for the "safety valve" pursuant to 18 U.S.C. § 3553(f).[1] Cortes did

---

[1] In *United States v. Booker*, 125 S.Ct. 738, 764 (2005)), the Supreme Court severed and excised § 3553(b)(1) and § 3742(e), leaving the remainder of the Guidelines intact (including § 3553(e) and (f)), holding that the Guidelines were *advisory* and *not mandatory*. *Id*. at 764. *Booker* does not appear to be implicated in these ineffectiveness claims, but if it is, counsel's alleged unprofessional errors will be evaluated under pre-*Booker* law because Cortes was sentenced when the Guidelines were mandatory. *See Strickland*, 466 U.S. at 690 (instructing courts to evaluate the reasonableness of counsel's performance in the context of the circumstances in

6

not qualify for the safety valve because his criminal history category was too high. (Safety valve sentencing requires a criminal history category of one and Cortes' criminal history category was two.) The government did file a motion to depart below the minimum mandatory sentence for substantial assistance, and the Court granted it and shortened Cortes' sentence.

The Court could not have done more for Cortes than it did and, thus, not only was there no deficiency of performance, there was no resulting prejudice either. *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991) (failure to make arguments that "are clearly destined to be unsuccessful" does not amount to ineffective assistance of counsel); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir.1986) (an attorney does not render ineffective assistance by failing to offer a baseless defense).

Next, Cortes contends that his attorney was ineffective for failing to argue for and secure a downward adjustment on the basis of his minimal or minor role in the conspiracy, due to his youth and inexperience. (He was 19 years of age at the close of the conspiracy. He does not explain what he means by his "inexperience.")

First of all, age is a discouraged factor, and in most cases, is not relevant in determining the appropriate sentence. U.S.S.G. § 5H1.1. Under certain

---

existence at the time of the alleged error).

circumstances, however, a downward departure may be appropriate for elderly and infirm defendants, who have "an extraordinary physical impairment."  U.S.S.G. §§ 5H1.1, 5H1.4.  Neither description applies to Cortes.  Secondly, Cortes admitted that he was the principle distributor of more than 10 kilograms of cocaine for one of his co-defendants and had engaged in nine separate transactions during the 2 ½ year conspiracy.  Cortes played a critical role in distributing the illicit drugs and does not qualify for a lesser sentence for his minimal participation or minor role.  Since Cortes was not entitled to a reduction for a mitigating role, counsel's failure to make such an argument does not constitute ineffective assistance.  *Lawson*, 947 F.2d at 853; *Krist*, 804 F.2d at 946-47.

Finally, Cortes alleges that his PSR incorrectly reflected that he had been arrested in 2000 in Dandridge, Tennessee for driving under the influence of an intoxicant (DUI); driving without a license; and speeding.  He now charges that counsel gave ineffective assistance by failing to object to this error.

The PSR shows that Cortes was given two criminal history points for a state cocaine conviction, resulting in a criminal history category of II.  The DUI arrest had no impact whatsoever on Cortes' criminal history, or his offense level either.  Since the DUI arrest did not negatively affect Cortes' sentence, his attorney's alleged error in failing to challenge this arrest could not possibly have prejudiced him.

## IV. *Conclusion*

This § 2255 motion fails to show any fundamental defect at Cortes' sentencing which could remotely be considered a complete miscarriage of justice or any error so egregious that it amounts to a violation of due process. Accordingly, he is not entitled to relief under § 2255; his motion to vacate, set aside or correct his sentence will be **DENIED**; and this action will be **DISMISSED**.

ENTER:

  s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE